■ In the Matter of the Claim of LILLIAN PENNELLI, Appellant, against DELCO APPLIANCE DIVISION, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board which disallowed her claim. For more than a year before she became disabled the claimant had been employed in precision work, assembling parts of automobile clock frames, in the course of which it was necessary for her to use a microscope. She used her left eye in looking into the microscope and closed her right eye. After a time, she complained to her foreman that her work made her nervous because the parts which she had to fit together were not the right size and this gave her a sense of frustration. While at work one day, the vision in claimant's right eye became obscured by a shadow. It was later found that she had suffered a spastic occlusion of the cilio-retinal arteriole which had continued for such a length of time that the eye had been permanently injured. The claimant has been permanently

deprived of central vision of her right eye. All the physicians agreed that the physical strain of the work itself, involving the use of the microscope, did not directly cause the eye injury. They were in agreement that the injury was due to a spasm and that the spasm might have occurred in an artery in any part of her body and that it was merely a coincidence that it affected her eye. The physicians were also in agreement that the spasm was psychogenic in origin, that is, it was caused by nervous and emotional tension, but they were in disagreement as to whether the claimant's nervous condition was attributable to her work. In the opinion of an impartial expert retained by the board, there was no causal connection between the claimant's nervous condition which caused the spasm and the type of work that she was doing. It was the opinion of another impartial expert and of two other physicians that there was a causal connection between the work and the condition. The weight of the evidence seems to us clearly to be in support of the latter view but we are powerless to interfere since the opinion of the impartial expert, which the board chose to accept, constituted substantial evidence in support of its findings. Under the present statute, the court has no power to interfere with a decision of the board, whether it be for or against the claimant, if there is substantial evidence to support it. Decision affirmed, without costs. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.